Statement of the Case.
MONROE, J.
(1) Relators complain that, being on trial in the district court for the parish of Claiborne (as we infer, for murder), and before the close of the trial, they requested the judge to reduce the charge to be delivered to the jury to writing; but that he delivered it from “tablets,” referring first to one, then to another, in such a manner as to confuse the jury, and that he now refuses to file the same as part of the record.
(2) They complain that a certain witness for the state, having testified “to what she saw and heard,” was asked, on cross-examination, “certain questions” as to her being a witness before the coroner’s jury — stating “the time and place — calling the witness’ attention, especially, to her statement before the coroner’s jury”; that, “when it came defendants’ time to” put in their evidence, they offered the testimony given on the trial before the coroner’s jury. The state objected, on the ground that the “proper basis had not been laid for the impeachment of the witness,” and, “as the offering was only for-the purpose of impeachment, it • was Inadmissible.” The court, in giving his reasons, states, “No such bill of exception was reserved.” That the judge made an entry on a sheet of paper on which he entered the bills as reserved, in which he gave the point, the objections, and his ruling. Those memoranda were made by him in “order that he would have a record of what occurred at the time.” They—
“show that this record, or memoranda, is now, or should be, in the possession of the trial judge, and this memoranda will show that his honor is in error, that a bill of exception was reserved, and that the objections to the evidence offered were those stated in the bill. Relators allege that they are entitled to a correct Statement of the reasons for denying them the benefit of this evidence and this evidence and its going to the jury; that said memoranda should be presented, in order that the appeal may be passed on based on questions of law as they occurred, and now [show] the errors of the trial judge, and that defendants are entitled to show such bill was reserved.”
The bill to which the foregoing relates is described as bill No. 1.
(3) The petition then proceeds:
“There is also another bill of exception that is in the same condition as the other, bill No. 3. The judge is in error as to his reasons given therein. The memoranda referred to will show that the purpose and object of such evidence, as stated in said bill of exception, was Stated therein by counsel preparing same. * * >:= submit that Said memoranda should be filed, and further submit that relators should be allowed to show that the evidence of the' witness Annie Shines was not admitted, as claimed in the reasons of the judge in the said bill No. 3.”
The prayer of the petition is that the judge be ordered to deliver to the clerk of the district court his written charge, as given to the jury, and that he be further ordered to send to this court—
“the written memoranda on which he entered the points or questions on which the bills of exception were reserved during said trial, and that he be ordered to correct said bills of exception Nos. 1 and 3 in accordance with the facts herein above stated.”
We find attached to the petition the affidavits of counsel representing relators, in substance, as follows: •
*495 J. E Moore swears that:
“He was present * * * when the question was asked Annie Shines (a witness for the state, who was then on cross-examination by defendant’s counsel) which is Set forth in defendants’ bill of exception No. 3, and was present when the same was objected to and the answer excluded, as set forth in said bill of exception. Affiant further states that the testimony of the witness, Annie Shines, in response to that and Similar questions, answers to which were excluded at the time, did not go to the jury subsequently; that, shortly after the question recited in the bill No. 3, and Similar questions, were asked of this witness, and objected to and excluded, she was dismissed from the stand, and did not go on the witness stand again during the trial, and at no time did she answer the question recited in bill No. 3 in presence of the jury. Affiant further states, with regard to bill No. 1, that he had consulted with Judge' J. A. Richardson, with whom he was associated in the trial of the case, with regard to offering the testimony of Annie Shines, taken before the coroner’s jury, for the' purpose stated in the bill of exception, and it was agreed that it should be offered, and, if excluded, that a bill of exception should be retained thereto; that he was present when said testimony was offered by said Judge J. A. Richardson, who had the matter in charge of offering said testimony and retaining said bill, if excluded, but that defendants were at that time closing their case, and affiant’s attention was somewhat withdrawn from the matter in hand, at the moment, by a consultation with one of the defendants, or other matters connected with the1 closing of the case, so that he does not distinctly remember hearing Judge Richardson formally retain the bill, but knows that this action had been agreed upon before, and believes and feels morally certain that such bill was retained.”
John. A. Richardson declares that he is one of the counsel for defendants on the trial in question, and that Judge Moore and he conducted the defense; that the allegations contained in the petition for mandamus are true—
“and, further, that the witness Annie Shines, who was the witness referred to in the bills of exception 1 and 2, upon dismissal from the witness stand, was . not recalled during the trial, and therefore this evidence was not given by her afterwards [and] could not have been admitted, as the judge states in his reasons given in bill No. 3.”
John S. Richardson swears that he was one of the counsel for defendants and—
“that, although he did not take an active part in the trial, he was present and paid particular attention to what occurred during the trial; that the witness Annie Shines did not return to the witness stand after the question recited in defendant’s bill No. 3, and answer excluded, and that she did at no time give before the jury the evidence which was sought to be elicited by the question recited in the said bill.”
It may here be noted that neither of the bills of exception referred to in the foregoing petition and affidavits are attached to the petition or otherwise presented to this court.
The respondent judge, for answer, says:
“That he has filed his written charge, in its original form, with the clerk” of the district court; “that he made memoranda in writing for his charge to the jury, instructing_ them as to the jurisdiction of the case, and informing them of the different verdicts they could render, which memoranda have been destroyed or misplaced, and are not now in his possession.”
Further answering, he says:
“That he also made memoranda of the objections and rulings of the court at the time, as stated in bill of exception No. 3, but that said memoranda are mislaid or destroyed, and are, hence, out of his possession; * * * respondent believing that no bill would be presented on that point after the evidence had gone to the jury. In fact, all the evidence complained of [sic] in the application for the writ of mandamus, and stated in bills of exception 1 and 3, really went to the jury, whether it was offered as impeachment or to assist the jury as to the attitude of the deceased, or who was the aggressor. The accused had as full and fair trial as this respondent was able to give him. * * * Respondent attaches hereto all memoranda made by him during the trial of the case that are in his possession.”
Further answering, he — ■
“denies the allegations of error appearing in the application for mandamus with reference to bills of exception 1 and 3, and avers that, at the time that Annie Shines was on the witness stand and asked certain questions, and was then finally asked ‘if she was not sworn by the coroner to' tell the truth, the whole truth, and nothing but the truth,’ and subsequently the counsel for the defense called Mr. Malone, a member of the-coroner’s jury, to prove what questions were-asked, and the district attorney objected, on the' ground that it was ‘hearsay.’ ”
The notes or memoranda hereto attached are intelligible to the respondent and were- *497 made for his use, at the time. The bill marked “No. 3” is referred to in memorandum marked “Malone,” for identification.
And respondent specially denies all other allegations of plaintiff’s application for writ of mandamus. Having done all that he understands—
“is required of him, * * * respondent asks to be discharged, and the writ of mandamus denied. * * * ”
Included in the memoranda which accompany the return, we find two notes which apparently relate to the contemplated charge to the jury, and two others which read as follows:
“Question (Bill) (Malone).
“Witness was asked to state if the question was asked Annie Shines, to state all that she saw of the difficulty. Objected to by district attorney.
3= * 3: 3: 3! *
“Evidence of Annie Shines, taken down before coroner’s jury, offered in evidence for the purpose of impeachment. The state objected for the reason that there has been no basis laid for the impeachment. The court sustained the objection, because the court considered that there had been no proper basis laid, because the attorneys for defense only asked the witness Annie Shines if she was not sworn by the coroner to tell the truth, the whole truth, and nothing but the truth, and the court [thought] that was not sufficient.”
Respondent makes affidavit to the truth of the statements contained in the answer. The clerk of the district court certifies that the judge has filed with him—
“his charge, in writing, which was delivered to the jury in the case of the State of Louisiana vs. R. J. Miller et al. * * * ”
Opinion
The petition alleges that “the court illegally and arbitrarily refuses to file his charge, that it may become a part of the record and go up as such”; but the judge denies that there was any such refusal, and the circumstances under which the demand was made (if there was any demand) do not appear. We imagine, therefore, that there must have been some misunderstanding in regard to the matter. At all events, the charge is shown to have been filed, and no present action is required concerning it.
With regard to the memoranda made by the judge in the course of the trial, he was ordered to send it up to this court, “or show cause to the contrary.” Ho has sent up all that he preserved, without objection, and nothing more can be asked in that respect.
The remaining prayer of the petition is that the respondent be ordered to correct “said bills Nos. 1 and 3, in accordance with the facts hereinabove stated” (in the petition). The bills referred to have not, however, been produced, and, taking the allegations of the i-relators, with the denials and allegations of the respondent, we are unable to determine what the bills contain. We should therefore be acting in the dark in ordering them to be corrected.
As the case stands, we are of opinion that no writ of mandamus should issue. If upon the hearing on the appeal it should appear that the defendants have been prejudiced in the matter of the bills of exception Nos. I and 3, the question of remedy will be considered, and in the meantime, and in order that they may enjoy whatever advantage they may be entitled to by reason of their present application, the same will be denied without prejudice.
It is therefore ordered, adjudged, and decreed that relators’ application be denied, without prejudice, and this proceeding dismissed, at their cost.